PER CURIAM.
Petitioner petitions for a writ of prohibition or habeas corpus. He challenges the trial court’s jurisdiction over him in this case based on his alleged violation of aftercare ordered in a different case, and habe-as corpus relief from his pretrial release on house arrest in this case. We grant the petition.
Petitioner was direct filed into adult criminal court for an offense committed while he was a juvenile. Pursuant to a negotiated plea, the trial court imposed a juvenile sanction and committed him to the Level 8 program to which he had already been committed in another juvenile case. Petitioner’s disposition in the other case included an order that his commitment be followed by aftercare; however, aftercare was neither orally pronounced nor included in the written disposition order in the instant case. After Petitioner completed his Level 8 program and was placed on aftercare, he allegedly violated his aftercare, including committing a new offense.
We agree with Petitioner that the trial court has no jurisdiction over Petitioner’s alleged violation of aftercare, which was never ordered in this case. See K.G. v. State, 759 So.2d 752 (Fla. 4th DCA 2000); L.S. v. Dep’t of Juvenile Justice, 779 So.2d 633 (Fla. 1st DCA 2001). While it is true that a court, in sentencing a juvenile prosecuted as an adult to juvenile sanctions, may include in the sanction “enforcement of an order of restitution or probation previously ordered in any juvenile proceéding,” section 985.233(4)(b), Florida Statutes (2001), such a sanction is not automatically inserted into the disposition when the trial court has not expressly ordered it.
POLEN, C.J., KLEIN and TAYLOR, JJ., concur.